JUSTIN D. WHATCOTT, IDAHO STATE BAR NO. 6444
ACTING UNITED STATES ATTORNEY
KELSEY A. MANWEILER, IDAHO STATE BAR NO. 10604
SPECIAL ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211

**U.S. COURTS**

**MAY 13 2025**

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JOSEPH ALAN MCMILLIN,

Defendant.

Case No. 1:25-CR-142-AKB

**INDICTMENT**

21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(A)
21 U.S.C. § 853

The Grand Jury charges:

### COUNT ONE

**Distribution of Methamphetamine
21 U.S.C. § 841(a)(1) and (b)(1)(B)**

On or about January 31, 2024, in the District of Idaho, the Defendant, JOSEPH ALAN

MCMILLIN, did knowingly distribute 50 grams or more of a mixture and substance containing

methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States

Code, Section 841(a)(1) and (b)(1)(B).

INDICTMENT - 1

## COUNT TWO

### Distribution of Methamphetamine
### 21 U.S.C. § 841(a)(1) and (b)(1)(A)

On or about February 7, 2024, in the District of Idaho, the Defendant, JOSEPH ALAN MCMILLIN, did knowingly distribute 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

## CRIMINAL FORFEITURE ALLEGATION
### Drug Forfeiture
### 21 U.S.C. § 853

Upon conviction of the offenses alleged in Counts One or Two of this Indictment, the Defendant, JOSEPH ALAN MCMILLIN, shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting of or derived from any proceeds the said Defendant obtained directly or indirectly as a result of the foregoing offenses; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offenses. The property to be forfeited includes, but is not limited to, the following:

1.      Unrecovered Cash Proceeds and/or Facilitating Property. The Defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the Defendant used to facilitate the offense (if facilitation is alleged), but based upon actions of the Defendant, the property was transferred, diminished, comingled, or is otherwise unavailable.

2.      Substitute Assets. Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, or "any other property of the defendant"

INDICTMENT - 2

up to the value of the Defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

a.    Cannot be located upon the exercise of due diligence;

b.    Has been transferred or sold to, or deposited with, a third person;

c.    Has been placed beyond the jurisdiction of the court;

d.    Has been substantially diminished in value; or

e.    Has been commingled with other property which cannot be subdivided without difficulty.

Dated this 13th day of May, 2025.

A TRUE BILL

*/s/ [signature on reverse]*
_____
FOREPERSON

JUSTIN D. WHATCOTT
ACTING UNITED STATES ATTORNEY
By:

KELSEY A. MANWEILER
SPECIAL ASSISTANT UNITED STATES ATTORNEY

**INDICTMENT** - 3